**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAY 9 2001**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES WALTON,

      Defendant-Appellant.

No. 00-3229
(D.C. No. 00-CV-3017-JWL)
(Kansas)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

James Walton brought this pro se action under 28 U.S.C. § 2255. He

alleges he received ineffective assistance of counsel in connection with his guilty

plea proceedings, and seeks to have his guilty plea set aside.[1]

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Although Mr. Walton's appellate pleadings at times appear to request only that this court remand for an evidentiary hearing on his claims, read liberally we believe he is ultimately seeking the vacation of his guilty plea. Our disposition of

Pursuant to a plea agreement, Mr. Walton pled guilty to one count of conspiracy to distribute cocaine and cocaine base and one count of conspiracy to launder money. The agreement provided that Mr. Walton would fully cooperate with the government by, among other things, participating in debriefings and testifying in court as necessary. In exchange, the government agreed that it would move the sentencing court for a downward departure under U.S.S.G. § 5K1.1 if the United States Attorney's office, in its sole discretion, determined that Mr. Walton had provided substantial cooperation.

One of Mr. Walton's coconspirators, Sylvester Anderson, went to trial. The government ultimately determined that it did not require Mr. Walton's testimony in prosecuting Mr. Anderson, and Mr. Walton agreed to testify on Mr. Anderson's behalf. The government subsequently decided that Mr. Walton had testified falsely in this trial and that his lack of credibility, assessed in part on the basis of this testimony, rendered him unable to provide substantial assistance to the government's investigation of other drug dealing activities. Prior to his sentencing, Mr. Walton learned that the government did not intend to move for a downward departure under section 5K1.1. He then moved the district court to either compel the government to file the motion or allow him to withdraw his

his appeal subsumes his allegation that the district court erred in resolving his case without holding such a hearing.

guilty plea.  The court denied Mr. Walton's request and sentenced him to concurrent sentences of life in prison and 240 months.  Mr. Walton appealed and we affirmed in an unpublished order and judgment.  *See United States v. Walton*, No. 97-3138, 1998 WL 544310 (10th Cir. Aug. 26, 1998).

Mr. Walton brought this section 2255 petition claiming his trial counsel was ineffective in several regards with respect to his plea proceedings and his testimony at Mr. Anderson's trial.[2]  The district court denied relief without an evidentiary hearing, ruling that most of Mr. Walton's claims were in the form of bare conclusory allegations not subject to consideration by the court.  The court did, however, address some of his claims in detail.  The court  denied Mr. Walton relief on his allegations that his counsel (1) coerced his guilty plea by telling him that if he went to trial he would likely be convicted and receive a life sentence, and by telling Mr. Walton that he would seek to withdraw as counsel if Mr. Walton decided to go to trial; (2) provided him incorrect information as to the sentence he would receive if he accepted the plea bargain; (3) was ineffective in failing to inform Mr. Walton that if he testified on behalf of Mr. Anderson the government would not file a section 5K1.1 motion; and (4) improperly advised him to admit guilt with respect to a number of overt acts itemized by the

---

[2] Mr. Walton also alleged that his appellate counsel was ineffective in failing to raise an issue.  The district court resolved this claim adversely to Mr. Walton and he does not challenge that ruling on appeal.

government at the plea colloquy even though counsel knew Mr. Walton maintained he had not committed them.

Mr. Walton appeals, contending the court erred in failing to construe his pro se pleadings liberally and in failing to hold an evidentiary hearing. In addition, Mr. Walton renews his argument that his counsel was ineffective in misinforming him as to the consequences of the plea agreement and the sentence he would receive, and that as a result his plea was involuntary. Finally Mr. Walton makes the bare assertion that the district court erred in resolving the rest of his ineffectiveness claims, although he does not specify in what manner the court's rulings were in error.

In order to establish that he received ineffective assistance of counsel, Mr. Walton must show that his counsel's performance was constitutionally deficient, in that it fell below an objective standard of reasonableness, and that the deficient performance prejudiced him in some way. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984). When, as here, the defendant has pled guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty," and would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

We turn first to Mr. Walton's claim that his plea was involuntary because his counsel misinformed him as to the consequences of that plea by telling him he

would only receive seventeen and a half years imprisonment. As the district court observed, Mr. Walton's pleadings themselves demonstrated that Mr. Walton knew counsel's sentence estimation was based on the assumption that Mr. Walton would receive the benefit of a section 5K1.1 downward departure. Moreover, as the district court pointed out, it was made clear to Mr. Walton during the plea colloquy that whether he received a downward departure was entirely within the government's discretion. Mr. Walton was told that the court had no power to compel the government to make a section 5K1.1 motion, and that Mr. Walton had "'to satisfy the Government that you have provided substantial assistance, and it's up to the Government to decide whether or not they're going to bring such a motion before the Court.'" Rec., vol. I, doc. 995 at 11 n.4 (quoting plea hearing transcript, July 23, 1996, at 17-18). Mr. Walton was also told that "'even if you think you've provided substantial assistance and the Government doesn't, you can't come to the Court and file a motion and ask the judge to give you some relief at that particular point in time. That's a matter between you and Government counsel.'" *Id.* at 11-12 n.4. Mr. Walton presented no evidence to counter the evidence that he knew the discretionary nature of a downward departure, or to counter his statement at his plea colloquy that he was not relying on a promise or prediction of sentence in pleading guilty. Accordingly, we conclude Mr. Walton has failed to show he would not have pled guilty, absent

-5-

counsel's estimate of the sentence he would receive if given a downward departure.

We turn briefly to Mr. Walton's allegations that the district court erred in failing to construe his pleadings liberally and in rejecting his remaining claims of incompetent counsel. While it is true that pro se pleadings must be construed liberally, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant. The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We have reviewed the pleadings with respect to the claims the district court deemed conclusory and we agree with that assessment.

Mr. Walton also makes the conclusory assertion that the district court erred in its resolution of the remaining claims of ineffectiveness. He has failed to set out specific allegations of error and we will not provide them for him. Moreover, Mr. Walton raised in his prior appeal all of the arguments he makes in these proceedings. In affirming the denial of relief in his prior appeal, we made the following pertinent observations. The district court's determination that the government acted in good faith in deciding not to move for a downward departure was supported by the evidence and was not clearly erroneous. *Walton*, 1998 WL 544310, at **3. The government's decision that Mr. Walton's testimony was not

credible was not based solely on inconsistencies between his testimony at Mr. Anderson's trial and facts he admitted at the plea colloquy on the advice of his counsel. *Id.* at **4 n.5. Thus counsel's advice, even if erroneous, was not the sole cause for Mr. Walton's failure to receive a downward departure. Indeed, in this regard we stated that the record supported the district court's finding that Mr. Walton was "ably and aggressively represented by experienced and competent counsel." *Id.* at **5. Finally, we noted that before Mr. Walton testified at Mr. Anderson's trial, he spoke with Mr. Anderson's attorney, who was aware of the inconsistencies between Mr. Walton's statements then and the prior debriefing notes, and who pointed out to Mr. Walton "that if his testimony was inconsistent with the information he provided in the debriefings, it would be unlikely the Government would file a § 5K1.1 motion." *Id.* at **4 n.6. Mr. Walton was thus informed by a credible source before he testified in Mr. Anderson's trial that his testimony would likely jeopardize his ability to receive a downward departure.

We conclude that Mr. Walton has failed to make a substantial showing of any claim of ineffective assistance of counsel.  Accordingly, we **DENY** his motion for a certificate of appealability and **DISMISS** his appeal.[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[3] Our ruling renders moot Mr. Walton's allegation that the district court erred in resolving his claims without an evidentiary hearing.